UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKSON COSMA | CIVIL ACTION |
| VERSUS | No. 24-1929 |
| CAROL KOLEMAN AND USAA CASUALTY INSURANCE COMPANY | SECTION: "J"(4) |

### ORDER & REASONS

Before the Court are Defendants, Carol Koleman ("Defendant" or "Ms. Koleman") and USAA Casualty Insurance Company ("USAA") (collectively herein "Defendants")'s, *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Rec. Doc. 6)**, Plaintiff, Jackson Cosma's, opposition (Rec. Doc. 9) and Defendants' reply (Rec. Doc. 10). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED, without prejudice**, and with leave to permit Plaintiff to amend his complaint.

### FACTS AND PROCEDURAL BACKGROUND

This is a motorcycle accident case. Plaintiff, Jackson Cosma ("Plaintiff"), was riding his motorcycle on Prytania Street in New Orleans, Louisiana. As he was approaching an intersection, Plaintiff alleges that Defendant stopped at the stop sign, but suddenly and without warning entered the intersection immediately in front of him. With no time to avoid impact, Plaintiff decided to lay his motorcycle down to minimize the impact with Defendant's car. As a result of the impact, Plaintiff received

severe bodily injuries. Additionally, Plaintiff's property, including his motorcycle, phone, watch, and clothing, were damaged as well.

After the accident, Plaintiff's father called Defendant's liability insurer, USAA, to make a claim, because Plaintiff was a minor as the time of the accident.

Plaintiff filed this suit in Louisiana state court. Defendants, then, removed the suit to this Court. Among other things, Plaintiff's alleges bad faith claims pursuant to La. R.S. 1892 and property damage claims.

Defendants filed this instant motion to dismiss these claims, pursuant to Rule 12(b)(6) on the grounds that Plaintiff failed to state a claim against them. (Rec. Doc. 6-1, at 1).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232

(5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendants argue that Plaintiff has not sufficiently pled claims for statutory penalties under La. R.S. 1892 and property damages in general. (Rec. Doc. 6).

Regarding the 1892 claims, Defendants argue that Plaintiff's allegations merely parrot the standard of liability and are insufficient to state a claim under La. R.S. 22:1892 third-party property damage claim. (Rec. Doc. 6, at 2). Moreover, the Defendants point out that the complaint appears to allege claims under the entirety of the statute, including portions that are not applicable to third-party claimants like Plaintiff. (Rec. Doc. 6, at 2–3).

In his opposition, Plaintiff attempts to clarify that he has alleged sufficient facts to support his property damage claims and medical expenses under 1892(A)(3) and (4). (Rec. Doc. 9). However, Plaintiff's opposition states "La. Rev. Stat. 1892 is inapplicable to non-penalty claims for property damage by Plaintiff" in one section, but on the next page Plaintiff argues La. R.S. 1892 does apply. (Rec. Doc. 10, at 2). It is difficult to determine what are Plaintiff's allegations.

Alternatively, Plaintiff requests leave to amend his Complaint to include more facts to support his claims. (Rec. Doc. 9, at 6).

Given the inconsistencies in the briefing, the lack of clarity as to Plaintiff's allegations, and the federal rules of procedure's policy to permit liberal amendment,

3

the Court finds that Defendants' motion should be denied and with leave for Plaintiff to amend his Complaint to clarify and support his claims.

Under Rule 15(a), the Court freely gives leave to amend when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Court finds that there is no undue delay, bad faith or dilatory motive on the part of Plaintiff. Plaintiff's suit is in the early stages of litigation as it was filed only in May 2024. This will be Plaintiff's first amendment to his complaint. The amendment is important, because if Plaintiff cannot amend, he will be precluded from recovering statutory penalties or property damages, which would significantly reduce his possible recovery. He will also be prejudiced by his inability to bring claims under Sections 1892 for the same reason.

Furthermore, amendment is not futile, because Plaintiff points out in his opposition that he can include more detailed facts to support his claim, including the

4

claim number assigned to his claim and the approximate date USAA was contracted regarding the claim, among others. (Rec. Doc. 9, at 6).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED, without prejudice**. Defendant shall be permitted to re-file the motion, if necessary, to address the amended complaint

**IT IS FURTHER ORDERED** that Plaintiff is permitted leave to file an amended complaint within 21 days**.**

New Orleans, Louisiana, this 26th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE